## EVANS v. NEWARK RIVET WORKS et al.

(Circuit Court, D. New Jersey.   August 27, 1902.)

**1. PATENTS—INFRINGEMENT—FERRULE FOR UMBRELLAS.**

  The Evans patent, No. 410,828, for a ferrule and point united by a dovetailed joint, for use on umbrellas, canes, etc., is entitled only to a narrow construction, limiting it to the specific device shown and described, both the ferrule and tip for such purpose being old in the art; and it is not infringed by a tubular metal umbrella stick having a tip or plug swaged into its lower end, such stick not being the equivalent of the ferrule of the patented combination.

In Equity.   Suit for infringement of letters patent No. 410,828, for a ferrule and point granted to Samuel W. Evans, Jr., September 10, 1889.   On final hearing.

E. Hayward Fairbanks, for complainant.

Francis C. Lowthorp, for defendants.

KIRKPATRICK, District Judge.   The complainant in this suit files his bill charging the defendants with infringement of letters patent of the United States, No. 410,828, granted to him September 10, 1889.   The patent relates to a new and useful improvement in ferrules for umbrellas, canes, etc., and the invention is said to consist of a "ferrule having a point or tip connected with the same by means of a dovetailed joint, the same being formed by a neck on said point and the metal of the ferrule embracing said neck."   The claims of the patent are three in number:   (1) "A ferrule and point connected by a dovetailed joint, substantially as described;" (2) "a ferrule in combination with a point, the latter having an inverted tapering neck and the former embracing said neck, substantially as described;" (3) "a ferrule in combination with a point, the latter having an inverted tapering neck and a shoulder at the narrow part thereof, the lower end of the ferrule resting against the neck, and the adjacent portion thereof bent upon said neck, substantially as described."   The completed device consists then of two parts, both of which were old and well known in the arts—the ferrule and the point.   The invention consists of the manner in which the elements are put in combination and applied to the purpose intended, viz., of affording a simple, inexpensive, and durable device for protecting the ends of umbrella sticks, canes, etc.

While the claims of the patent are three in number, they all refer to one and the same subject-matter of invention, and are comprised in the first claim, "a ferrule and point connected by a dovetailed joint."

It is apparent, from an inspection of the record and the patents therein offered in evidence, that the patent in suit is not in any sense a pioneer patent, and that, in view of the state of the art, it is not entitled to a liberal construction, but should be limited to the specific device shown in the drawings and described in the claims.

As early as 1880 one Muller obtained, in Germany, German letters patent No. 11,347, for an improvement in cane-ferrules, which consisted of the "setting in of a forged steel bottom, provided with a groove, into a cane-ferrule, by pressing the ferrule band into the groove." And in the same year British patent No. 4,641 issued to one Lusher for improvements in ferrules for umbrellas, parasols, and walking sticks, which was a combination of a ferrule consisting of a hollow cylindrical tapering tube extended beyond the barrel of the ferrule. This tip was held firmly in place, "its descent in the tube being prevented by the conical figure of the tube and tip, and its rising prevented by the internal shoulder above the tip." Ferrules for umbrellas and canes were well known to the trade long before the complainant's new and useful improvement was devised. They were also made in combination with an iron tip, as we have seen by the reference to the British patent No. 4,641.

At the time of the complainant's invention, ferrules for umbrellas and canes had a well-recognized meaning in the trade. The handles of umbrellas, as well as of canes, were for the most part made of wood, and the ferrule was the metal cap or attachment placed on the end, which came in contact with the ground, and was intended to prevent the wear and splitting of the stick. This meaning is in accordance with the definitions given by the various lexicographers. I quote from the Century Dictionary: "A ring or cap of metal put on a column, post, or staff, as on the lower end of a cane or umbrella, to strengthen it or prevent it from splitting." That this was the sense in which the word ferrule was used by the patentee is apparent from the drawings which accompany the application for the patent, and which became a part of the specification.

I, therefore, am of opinion that the subject-matter of the patent is a ferrule of a kind adapted for use on umbrellas and canes, and of the precise form described in the specification; a ferrule composed of a hollow metallic tube adapted to fit over and be attached to the end of an umbrella or cane, together with the metallic or steel point or tip which is inverted in one end.

The defendants' structure consists of a tubular metallic rod, suitable in length for an umbrella stick, one end of which is finished in a manner adapted to have attached thereto a suitable handle, and the other has inserted therein a neatly fitted steel wire plug, which, when fastened, constitutes the point of the stick. These plugs or "bullets," as they are technically termed, inserted in the sticks, are taken to a swaging machine, where the end of the tube is closed so as to securely fasten the shank of the plug within the swaged-down end of the tube. This swaging operation, as conducted by the defendants (I quote from the brief of defendants' counsel), "upon a tube of harder and a plug of softer temper, very naturally produces more or less of a taper in the shank of the plug, and that taper gives to the plug a conical neck

differing only in degree of taper from the conical neck of the point of complainant's patented ferrule."

When finished, the defendants have not a ferrule, but a completed umbrella-rod, for which no "ferrule" is required. True, the rod has a steel or iron point at the end to prevent wear thereof, but it is not attached to the rod in combination with a ring or cap of metal, which is one of the elements of the complainant's combination. It is clear to my mind that the structure used by the defendants was not in the contemplation of the complainant when he made application for an improvement in ferrules for umbrellas and canes. The complainant obtained a patent for an improved ferrule which consisted of a ferrule such as was and had been well known in the art, having in combination therewith a steel point connected to the ferrule by a dovetailed joint. This ferrule, when so made, was a complete entity, and was serviceable only when attached to the stick of an umbrella or cane.

Inasmuch as the umbrella-rod of the defendants has no such attachment, I am of opinion that it does not infringe any of the claims of the complainant's patent, and that for that reason the bill should be dismissed.